UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC. | ) ) ) | CASE NO.  5:10CV1029 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | OPINION AND ORDER |
| DESERT RADIOLOGY, LLC d/b/a TUCSON OPENSCAN MRI | ) ) ) ) | |
| DEFENDANT. | ) | |

Plaintiff Hitachi Medical Systems America, Inc. has moved for judgment by default on its Complaint against Defendant Desert Radiology. (Doc. No. 8.) Defendant has not responded to the motion.

Rule 55(a) provides:

> Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

In support of its motion, Plaintiff attaches a copy of the docket, along with a certified copy of the Return of Service, which reflects that Defendant has failed to answer or otherwise respond to the Complaint. Pursuant to Rule 55(a), the Clerk of Courts of this District properly entered default on June 23, 2010. (Doc. No. 7.)

Rule 55(b)(2) governs the Court's consideration of a motion for default, and provides:

> By the Court. In all other cases, the party must apply to the court for a

default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
    (A)    conduct an accounting;
    (B)    determine the amount of damages;
    (C)    establish the truth of any allegation by evidence; or
    (D)    investigate any other matter.

Defendant failed to defend against the Complaint within 21 days of being served. As a corporation, Defendant is clearly not an infant or an incompetent person. Plaintiff, therefore, is entitled to a default judgment and its motion for such relief is hereby **GRANTED**.

Plaintiff's Complaint charges Defendant with breach of contract and unjust enrichment, for failing to make scheduled payments to Plaintiff under the parties' Service Maintenance Agreement ("SMA") for the "inspection of certain medical equipment previously purchased and/or leased by Defendant Desert Radiology." (Doc. No. 1, Compl. at ¶¶ 6, 15, 16, 22.) A copy of the parties' SMA is appended to Plaintiff's Complaint. The Complaint also alleges that Defendant has breached prior service agreements (*id*. at ¶¶ 15-16), but Plaintiff did not attach a copy of these prior agreements to the Complaint.

In its motion, Plaintiff seeks a sum certain of $234,666.67. Presumably, this amount reflects $222,166.67 under the terms of the SMA (Compl. at ¶ 17), and $12,500 under the terms of prior service agreements. (*Id*. at ¶ 18.) Plaintiff also seeks an unspecified amount for attorney's fees, costs, and expenses. While the SMA provides for

2

the recovery of costs, including reasonable attorney's fees, incurred in the collection of overdue accounts, there is no evidence that Plaintiff is entitled to such costs and fees under the prior agreements. Moreover, Plaintiff has failed to establish its entitlement to the damages it seeks under any of the agreements, and has failed to document its costs and attorney's fees associated with the present litigation. Thus, Plaintiff is granted leave until July 23, 2010 to provide documentation that substantiates the amount of the breach under each applicable agreement. Plaintiff shall also provide a copy of any and all relevant agreements that were not appended to the Complaint. Finally, Plaintiff shall provide the Court with documentation substantiating the attorney's fees and costs incurred in prosecuting this action. The Court expects this documentation to include an attorney affidavit, billing statements, and other evidence that will demonstrate both the reasonableness of the hours expended on this litigation and the hourly rates charged.

Plaintiff also seeks interest. Ohio Revised Code § 1343.03(A) requires the award of prejudgment interest to a successful party on a breach of contract claim as compensation to a creditor for the period of time between the accrual of the claim and judgment. *Royal Elec. Constr. Corp. v. Ohio State Univ.*, 73 Ohio St. 3d 110, 117 (1995). "Once a plaintiff receives judgment on a contract claim, the trial court has no discretion but to award prejudgment interest under R.C. 1343.03(A)." *Knott v. Revolution Software, Inc.*, 181 Ohio App. 3d 519, 530 (Ohio Ct. App. 5th Dist. 2009) (internal citations omitted). "The only issue for resolution by a trial court with respect to prejudgment interest under R.C. 1343.03(A) is how much interest is due. Thus, the trial court's discretion with respect to an award of prejudgment interest on a contract claim extends

3

only to the factual determinations of when interest commences to run and what interest rate applied." *Id*. (internal citation omitted.)

As the successful party on a breach of contract claim, Plaintiff is entitled to prejudgment interest under Ohio Rev. Code § 1343.03(A). It is also entitled to postjudgment interest under § 1343.03(A). *See State ex rel. Shimola v. City of Cleveland,* 70 Ohio St. 3d 110, 112 (1994) ("R.C. 134.03(A) automatically bestows a right to postjudgment interest as a matter of law.") Plaintiff shall, therefore, submit documentation and authority demonstrating when the interest commences to run and the interest rate that is to be applied by July 23, 2010.

Based on the foregoing, it is **ORDERED**, **ADJUDGED** and **DECREED** that judgment shall be entered against Defendant and in favor of Plaintiff. It is further **ORDERED** that the Court will conduct a hearing as to the amount of damages on July 30, 2010 at 9:00 a.m. Prior to the date of the hearing, but by no later than 2:00 p.m. on July 23, 2010, Plaintiff shall submit to this Court proof of its damages, fees, costs, and interest, along with a proposed order. If Plaintiff's counsel is of the view that a hearing is not necessary because the materials submitted are sufficient to determine and award an amount certain, the Court will entertain a motion to cancel the hearing and to enter a final award of damages in favor of Plaintiff.

**IT IS SO ORDERED**.

Dated: July 8, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

4