# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC. | ) ) ) | CASE NO. 5:10CV1029 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | OPINION AND ORDER |
| DESERT RADIOLOGY, LLC d/b/a TUCSON OPENSCAN MRI | ) ) ) ) ) | |
| DEFENDANT. | ) | |

On July 8, 2010, the Court entered default judgment against Defendant Desert Radiology, LLC d/b/a Tucson Openscan MRI (Defendant or Desert Radiology) in favor of Plaintiff Hitachi Medical Systems America, Inc. (Plaintiff or Hitachi). (*See* Doc. No. 9.) It concluded at that time, however, that the documentation supporting Plaintiff's motion for default was not sufficient to permit the Court to determine a sum certain amount for a final award. The Court, therefore, set a hearing on the issue of damages for July 30, 2010. In anticipation of the hearing, Plaintiff was instructed to submit, by July 23, 2010, documentation that would assist the Court in determining damages, reasonable attorney's fees, costs, and interest. The Court further advised Plaintiff that if its counsel believed that the documentation was sufficient to determine a sum certain, the Court would entertain a motion to cancel the hearing.

Plaintiff has submitted the requested documentation, and has moved to cancel the hearing on damages. (Doc. No. 10.) The Court has reviewed the motion, along

with the supporting documentation, and has concluded that it now has sufficient documentation from which to award a sum certain. As such, the motion to cancel the hearing is GRANTED.

With respect to damages, the Court finds that Plaintiff has adequately demonstrated that the total damages attributable to Defendant's breach of the 2004 Service Maintenance Agreement (SMA) is $7,291.65. (*See* Doc. No. 10, Ex. A, Affidavit of Sharon Polon, at ¶¶ 2-3.) The amount of damages attributable to Defendant's breach of the 2009 SMA is $222,166.69. (*See* Polon Aff'd at ¶¶ 4-5.)

Both agreements also provide for the recovery of costs, including reasonable attorney's fees, associated with the recovery of delinquent payments. (Ex. A-1 at ¶ 5 and Ex. A-2 at ¶ 5.) "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended [] multiplied by a reasonable hourly rate [which …] provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiff seeks $954.00 in attorney's fees. In support of this request, Plaintiff has appended the affidavit of attorney John Schomer, which represents that 2.7 hours of attorney time and 5.7 hours of the time of a paralegal were expended on this matter. (Ex. B at ¶ 2.) The affidavit also details the tasks that were performed and the hourly rates at which the work was performed. (*Id.*) The Court finds that the supporting affidavit adequately demonstrates the reasonableness of both the hours expended and the rates charged. As such, the Court finds that Plaintiff is entitled $954.00 in attorney's fees. In addition, Plaintiff is entitled to $350.00 in costs, which represents the filing fee in the present matter. (*See id.* at ¶ 3.)

Finally, the Court finds that Plaintiff is entitled to prejudgment and post-judgment interest under Ohio Rev. Code § 1343.03(A). Section 1343.03(A) sets a default rate to be charged should the parties not contract otherwise. *See Cafaro v. White*, 124 Ohio App. 3d 605, 608 (Ohio Ct. App. 7th Dist. 1997). Under the 2004 and 2009 SMAs, the parties agreed that interest on past due invoices would be charged at the rate of 1.5% per month […] or the highest lawful rate, whichever is less." (Ex. A-1 at ¶ 5, Ex. A-2 at ¶ 5.) Therefore, the applicable interest rate is 1.5%. Inasmuch as Plaintiff is entitled to interest at a rate of 1.5%, the only question that remains is when the prejudgment interest began to run. *See Knott v. Revolution Software*, Inc., 181 Ohio App. 3d 519, 530 (Ohio Ct. App. 5th Dist. 2009). Plaintiff has offered proof that the SMAs were breached as of February 17, 2010. (*See* Polon Aff. at ¶¶ 3, 5) As such, Plaintiff is entitled to prejudgment interest from that date.

Therefore, for good cause shown, the Court shall enter a final judgment in favor of Plaintiff and against Defendant awarding Plaintiff compensatory damages in the amount of $229,458.34, attorney's fees and costs in the amount of $1,304.00, prejudgment interest at the rate of 1.5% per month, accruing from February 17, 2010, and post-judgment interest at the rate of 1.5% per month, accruing from July 8, 2010.

**IT IS SO ORDERED**.

Dated: July 26, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**